## REECE et al. v. WESTERN UNION TELEGRAPH CO.

No. 3831.

Court of Civil Appeals of Texas. Texarkana.

April 2, 1930.

Rehearing Denied April 10, 1930.

326

W. L. Willie and Chas. Roach, both of Paris, for appellants.

Elmer L. Lincoln, of Texarkana, for appellee.

WILLSON, C. J. (after stating the case as above).

If not sustainable on other grounds, we think the judgment clearly is sustainable on the ground that the trial court had a right to say that the Reeces had not discharged the burden resting on them to prove that Mrs. Reece would have worked for the Fort Worth company had her message to her husband been duly delivered and had he (as he testified he would have done had the message been delivered to him) "arranged" with that company for her to work for it; and we think it is also sustainable on the ground that said court had a right to say it did not appear that Mrs. Reece, had she worked for said Fort Worth company, would have earned more, and, if more, how much more, than she earned working for the Paris company.

It appeared from evidence heard at the trial that a month elapsed between the time when Womack sent the message to Reece and the time when the Fort Worth company employed a person to operate the binding machine, and that Mrs. Reece would have been employed to operate it had she applied for the position during the month. Testifying as a witness in her own behalf, Mrs. Reece said she wrote to her husband at Fort Worth about the Womack message two or three days after it was delivered to her. Reece testified he received the letter his wife wrote him a day or two after she wrote it, and answered the letter the day he received it. He testified further that he remained in Fort Worth for about two weeks after he received the letter from his wife, but made no effort to communicate with the Fort Worth company and ascertain if it would employ his wife to operate the binding machine. Neither did Mrs. Reece, after she sent the telegram and wrote the letter to her husband, make any effort to get employment with the Fort Worth company. She continued thereafter, and to the time of the trial, to work for the Paris company. Whether she would have left Paris and gone to work for the Fort Worth company had her husband "arranged" for her to do so, or had that company offered her employment, did not appear otherwise than inferentially from any of the testimony. She did not say whether she would or not, and the inference from her testimony as a witness, and the other testimony, that she would not, was at least as reasonable as would have been the inference to the contrary.

With reference to the damages suffered, aside from the thirty cents Mrs. Reece paid appellee to transmit and deliver the message to her husband, she testified the Paris company for which she was working at the time she sent the message, and for which she continued to work to the date of the trial, paid 3, 4, and 5 cents a dozen (according to the grade thereof) for binding shirts; that she "worked mostly on five-cent shirts" and earned from $12.50 to $18 a week when the company's factory was running full time. She testified further that she understood the Fort Worth company paid 6 instead of 5 cents a dozen for such work, and further

that the Paris company's factory was kept running only about half the time after July 19, 1927, the date when she delivered to appellee the message it agreed to transmit and deliver to her husband. She did not know whether the factory of the Fort Worth company was running all that time or not, but the manager of that company testified it was. The manager of the Paris company testified that its factory did not run all that time, but that he thought his company had "as much work as any of them" and that the conditions in Fort Worth were no better than they were in Paris; and he testified further that prior to February or March, 1928, his company paid "more than 3 to 5 cents" a dozen for binding shirts, but he did not say how much more it paid. Mrs. Reece testified that she was not employed by the Paris company to work by the day, week, or month, but by the piece; that she "could have bound one shirt and quit" if she had wanted to; that the company could have had her to quit after she bound one shirt if it had wanted to; and that had she gone to work for the Fort Worth company it would have been under a like understanding.

The judgment is affirmed.